Elizabeth J. NEUMONT, et al., Plaintiffs,

v.

MONROE COUNTY, FLORIDA, Defendant.

No. 99–10054–CIV–PAINE/VITUNAC.

United States District Court, S.D. Florida.

June 3, 2004.

## ORDER OVERRULING MAGISTRATE JUDGE'S ORDER RE: PLAINTIFFS' AMENDED CONSOLIDATED FEE REQUEST

PAINE, District Judge.

This matter is before the court on Defendant's Appeal of Magistrate's Order Granting Plaintiffs' Amended Consolidated Fee Request in Part, filed on February 20, 2004 (D.E. # 426). The subject order was issued by Magistrate Judge Ann Vitunac on February 13, 2004 (D.E. # 425), which held, *inter alia*, that counsel for plaintiffs were entitled to attorneys' fees for their preparation of four motions to compel (D.E. # 115, 121, 127 & 128). The court reviews the determination of the Magistrate Judge under the standard set forth in Local Rule 4(a)(1) of the Magistrate Judge Rules, which requires the District Judge to set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

Upon careful review, the court has determined that the Magistrate Judge's recommendation for the recovery of attorneys' fees by plaintiffs' counsel is clearly erroneous and contrary to applicable law. The court finds that plaintiffs' counsel are not entitled to fees under Federal Rule of Civil Procedure 37(a)(4)(a) for two reasons: (1) Defendant's objections to discovery sought were substantially justified, and (2) other circumstances make an award of expenses unjust as described below.

At the outset, the court suggests that Defendant's Motions to Strike were appropriate in that Plaintiffs' Amended Consolidated Fee Request and Plaintiffs' Notice of Filing Original Affidavit of James H. Hicks, Esq. were filed *fifteen days* after the court-appointed deadline. The court notes that the court-appointed deadline already represented a twenty-four day extension from the court's October 31, 2003 order. Thus, plaintiffs filings were filed thirty four days after the court's original deadline of November 14, 2003. Plaintiffs seem to be taking advantage of the court's generosity. However, recognizing that the deadline was set by the Magistrate Judge, and deferring to her authority to enforce such a deadline, the court does not find the denial of Defendant's Motions to Strike to be clear error or contrary to law.

Regarding the underlying disputes, Defendant originally objected to Plaintiffs' numerous discovery requests based on relevance. In Defendant's responses (D.E.# 117, 123) to Plaintiffs' Motions to Compel, Defendant articulates its specific contentions regarding relevancy at length. Similarly, in the instant appeal, Defendant summarizes its original relevancy objections in the following five categories:

(1) the motives and reasoning for adoption of an ordinance are irrelevant and beyond the scope of discovery;

(2) that whether a prior ban on vacation rentals existed was irrelevant to Plaintiffs' challenges of the subject ordinance;

(3) that Florida law provides *no right to* rely on existing zoning regulations;

(4) that occupational licenses do not create a property or vested right under Florida law;

(5) that existence of a prior ban on vacation rentals was not relevant to Plaintiffs' premature enforcement claims because of action taken by the Third DCA.

*See* Defendant's Appeal at p. 5. At the December 20, 2000, hearing on Plaintiffs' Motions to Compel, Defendant withdrew the majority of its objections to Plaintiffs' discovery requests[1]. The Magistrate Judge

---

1. The court notes that Defendant contends it withdrew most of its objections in the interest of time.

overruled any of Defendant's remaining objections, finding Plaintiffs' requests were reasonably calculated to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure 37(a)(4)(A) provides, in pertinent part:

If the [underlying discovery] motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees *unless* . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The United States Supreme Court defined the standard of "substantially justified" in *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The *Pierce* court held that resistance to discovery is "substantially justified" if "there is a genuine dispute." *Id.* at 2550.

Applying this law to the instant case, the Magistrate Judge determined that Defendant's refusal to produce discovery materials was not substantially justified. *See* Order at p. 4. This finding appears to be based on three factors: (1) Defendant withdrew a substantial number of its objections at the hearing, (2) the remaining objections were overruled by the court, and (3) much of the information requested by Plaintiffs was available under Florida's sunshine laws[2]. These factors consider the outcome of Defendant's objections, and not the background of their assertion.

The court is in agreement with defendant's position that an inquiry should be made not in the ultimate outcome of the objections, but the substantive bases for such objections. Just because the objections were ultimately withdrawn or overruled, or that documents were available under the sunshine laws, does not mean the objections as asserted were not substantially justified. Indeed, the court finds that they were substantially justified objections, on which reasonable minds could differ. While Defendant was not successful in asserting these objections at the discovery stage, the court ultimately agreed with Defendant's position on a majority of its previous assertions in the court's dispositive orders of the case.

Further, Rule 37 also suggests fees may be inappropriate where "other circumstances make an award of expenses unjust." In this instance, none of Plaintiffs efforts on the underlying discovery motions at issue yielded admissible evidence. While the requests may have been reasonably calculated to lead to the discovery of admissible evidence, they ultimately did not lead to any such evidence. The court finds an expense award in such a situation unjust. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1.  The Magistrate Judge's Order re: expense shifting sanctions is overruled. Plaintiffs' Amended Consolidated Fee Request (D.E. # 419)[previously docketed as Plaintiffs' Consolidated Fee Request at D.E. # 410] is DENIED.

2.  This case is CLOSED.

---

**2.** This court interprets factor (3) to suggest that because the information sought was publicly available, Defendant could not object to same.